UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRUCE WILLIAMS, JR.,
    Plaintiff,

v.                                            Case No.: 3:23cv2374/MCR/ZCB

D. LAVERGNE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Currently before the Court is Defendants' motion to dismiss, which Plaintiff opposes. (Docs. 27, 43). For the reasons below, Defendants' motion should be granted.

### I. Summary of Plaintiff's Factual Allegations[1]

Plaintiff names three corrections officers from Santa Rosa Correctional Institution (SRCI) as Defendants: (1) Officer D. Lavergne, (2) Officer C. Henderson, and (3) Lieutenant Butler. (Doc. 11 at 2-3). He names them all in their individual capacities. (*Id.*).

---

[1] At this stage in the proceeding, the Court assumes the truth of Plaintiff's allegations.

1

Plaintiff alleges that on July 13, 2022, Defendants Lavergne and Henderson were escorting him back to his cell from the "dayroom." (*Id.* at 5). Plaintiff asked Defendants Lavergne and Henderson why the dayroom was ending earlier than normal. (*Id.*). Defendants responded that another inmate has committed self-harm. (*Id.*). Plaintiff asked if he would be able to go back to the dayroom and make a phone call to his family. (*Id.*). Defendants allegedly responded to Plaintiff with "anger and frustration." (*Id.*). Plaintiff alleges they told him that if he asked about the dayroom again "he'll be needing a nurse for wound care." (*Id.*). Plaintiff told Defendants "they wouldn't put their hands on him." (*Id.*).

Plaintiff alleges Defendants Lavergne and Henderson then punched him in the face and snatched his arms through the "food flap" to his cell. (*Id.*). Defendant Butler and another officer then arrived on scene with a camera. (*Id.* at 6). Defendant Butler asked Plaintiff to "relinquish the [hand] restraints." (*Id.*). Plaintiff responded that he would, but first he wanted to talk to a nurse about his injuries. (*Id.*). Defendant Butler again asked for Plaintiff to relinquish the hand restraints. (*Id.*). Plaintiff complied with Defendant Butler's second request and relinquished the hand restraints. (*Id.*).

Defendant Butler then told Plaintiff to "relinquish the weapon." (*Id.*). Plaintiff denied having a weapon. (*Id.*). Defendant Butler then allegedly began "administering chemical agents in Plaintiff's cell." (*Id.*). Plaintiff alleges Defendants accused him of having a weapon "so they'll have justification for using the chemical agents on [him]." (*Id.*). After nine uses of the pepper spray by Defendant Butler, Plaintiff was restrained and escorted to a decontamination shower. (*Id.*). He then visited medical. (*Id.* at 6-7). At medical, Plaintiff complained of his injuries from Defendants Lavergne and Henderson, as well as Defendant Butler. (*Id.* at 7). Plaintiff alleges he was then transported to another cell and asked a fellow inmate to grab his personal property out of his old cell. (*Id.*). Plaintiff alleges Defendant Lavergne destroyed his personal property by placing it in a bucket of water and then throwing it in the trash. (*Id.*).

Plaintiff alleges Defendants violated his Eighth Amendment rights by "punching [him] in the face and snatching [his] arm through the food flap by [his] hand restraints and spraying [him] with chemical agents." (*Id.* at 8). He seeks monetary damages. (*Id.*).

## II. Discussion

Defendants have moved to dismiss arguing Plaintiff failed to truthfully disclose his litigation history on the complaint form.[2] (Doc. 27 at 14-17). Under 28 U.S.C. § 1915A, a district court shall dismiss a prisoner's complaint if it is malicious. 28 U.S.C. § 1915A(b)(1). A complaint is "malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) (citation omitted). And the Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal where prisoner failed to identify two prior lawsuits on the complaint form).[3] Dismissal is appropriate even if the

---

[2] Although Defendants raise arguments for dismissal on other grounds, the Court finds it unnecessary to address those arguments because dismissal is warranted for Plaintiff's failure to truthfully disclose his litigation history.

[3] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-

4

prisoner blames a lack of memory or a misunderstanding for his failure to truthfully disclose. *See id*. at 624-25 (affirming dismissal for failure to disclose even though prisoner claimed that he lacked full memory about the omitted lawsuit); *see also Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Question A of Section VIII on the Court's complaint form asked Plaintiff if he had "any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." (Doc. 11 at 10). Plaintiff checked "NO." (*Id*.). Indeed, Plaintiff identified no prior cases in Section VIII. At the end of the complaint form, Plaintiff signed his name after the following

---

12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." (*Id.* at 13).

In support of their argument for dismissal, Defendants state Plaintiff failed to disclose *Williams v. Arterburn*, Case No. 3:20cv5802/MCR/EMT (N.D. Fla.). That case was dismissed prior to service. *Id.* (Docs. 5, 6). Thus, it should have been disclosed in response to Question A. Plaintiff admits that he should have disclosed the case, but claims he "overlooked" the case and his omission was not meant to "circumvent or otherwise 'cheat' the civil process." (Doc. 43 at 3).

The prior litigation portion of the complaint form serves important purposes. First, it assists the Court in determining whether the prisoner is barred from proceeding *in forma pauperis* under the "three strikes" provision in 28 U.S.C. § 1915(g). Second, it allows the Court to determine whether an action is related to another lawsuit. Third, it enables the Court to determine whether the case involves issues that have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

6

When prisoners misrepresent their litigation on the complaint form, there should be consequences. As another judge on this Court has explained, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose. And word does get around the prisons." *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC, 2020 WL 3050231, at *1 (N.D. Fla. June 7, 2020). The Court is unwilling to excuse Plaintiff's failure to accurately disclose his litigation history.[4]

For the reasons above, Plaintiff has abused the judicial process by failing to accurately disclose his litigation history and dismissal for

---

[4] Permitting Plaintiff to disclose the lawsuits only *after* he was called out for his failure to disclose them would be the equivalent of overlooking his untruthfulness. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal and denial of an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (affirming dismissal where the plaintiff attempted to provide a full list of his prior cases after a magistrate judge recommended dismissal, and explaining that the district court was "correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

maliciousness is warranted under 28 U.S.C. § 1915A(b)(1). Lesser sanctions would be insufficient. *See, e.g.*, *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494 (11th Cir. Sept. 6, 2023) (affirming dismissal where *pro se* plaintiff failed to disclose prior cases but argued his failure to disclose was not intentional or in bad faith); *Anderson v. Saldivar*, No. 19-13434-B, 2020 WL 8771454 (11th Cir. Sept. 1, 2020) (same). Accordingly, Plaintiff's Second Amended Complaint should be dismissed without prejudice as a malicious abuse of the judicial process under 28 U.S.C. § 1915A(b)(1).

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendants' motion to dismiss (Doc. 27) be **GRANTED**.

2. Plaintiff's complaint **DISMISSED without prejudice** as malicious under 28 U.S.C. § 1915A(b)(1) for failure to truthfully disclose his litigation history.

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 20th day of June 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.